IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| EDMOND ELLIS & BETTY ELLIS, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>HDZ LOGISTICS, LLC & ERNESTO ARELLANO, )<br>)<br>)<br>    Defendants. ) | Court No: |

## COMPLAINT

NOW COME the Plaintiffs, by and through Attorney Robert A. Montgomery, and complaining of the Defendants, state as follows:

## COUNT I  HDZ LOGISTICS, LLC

1. This Court has jurisdiction over this cause pursuant to 28 U.S.C. Section 1332

2. That on September 14, 2018, and at all relevant times thereafter, Plaintiff Edmond Ellis and Betty Ellis were citizens and residents domiciled in this jurisdictional district in Freeport Illinois

3. That on September 14, 2018, Defendant HDZ Logistics, LLC and at all relevant times thereafter was a corporation incorporated and with its principal place of business in the State of Texas.

4. That on September 14, 2018 and at all relevant times thereafter, Defendant Ernesto Arellano was a citizen and resident domiciled in the State of Texas.

5. On September 14, 2018, and at all times relevant to this cause, Defendant, HDZ Logistics, LLC, was a commercial motor vehicle carrier with its corporate headquarters and principal place of business at HDZ Logistics, LLC, 8140 Steel, Vinton,

Texas 79821 and duly qualified to operate commercial motor vehicles in Illinois pursuant to the Department of Transportation Authority.

6. That at all times relevant to this cause, Defendant, HDZ Logistics, LLC did substantial business in Illinois.

7. On or about the above date the Plaintiff Edmond Ellis was operating a motor vehicle with Betty Ellis as a passenger stopped in traffic at or near west bound on US 20 at or near Pecatonica Road in the County of Winnebago, Illinois.

8. At the aforesaid time and place, Ernesto Arellano, a resident of Texas was a commercial truck driver in the use, possession, operation and control of a certain commercial motor vehicle owned by HDZ Logistics, LLC operated in westerly direction behind the Plaintiffs' vehicle at or near the above location.

9. At all times material hereto, the subject tractor-trailer operated by Ernesto Arellano was a "commercial motor vehicle" under 49 C.F.R. Section 390.5 and was operated under the motor carrier authority of Defendant HDZ Logistics, LLC and at all times material hereto, the subject tractor-trailer bore the placard of Defendant HDZ Logistics, LLC and displayed Defendant HDZ Logistics, LLC on the name and operating authority number DOT 1462509.

10. That on said date and time, Ernesto Arellano, was the agent and employee of HDZ Logistics, LLC.

11. That on said date and time, Ernesto Arellano, was driving the aforementioned motor vehicle for the business of HDZ Logistics, LLC.

12. That on said date and time Ernesto Arellano was in the course and scope of his employment with HDZ Logistics, LLC.

13. That on said date and time, HDZ Logistics, LLC controlled and directed the destination, conduct and hours of employment of Ernesto Arellano.

14. That on said date and time HDZ Logistics, LLC had the authority and right to control and determine the nature of the work of Ernesto Arellano including selecting the route, pickup date and time, providing directions, requiring him to stay in constant communication including making daily calls regarding the status of his trip, impose fines to maintain schedules and the right to request a different driver.

15. That at said time and place HDZ Logistics, LLC had a duty to exercise reasonable care in the selection of its agents authorized to drive motor vehicles, and to maintain proper supervisory control over its agents so as to provide for the safety of others lawfully on or upon public streets.

16. That at said time and place and by reason of the use and operation of said commercial motor vehicle; Ernesto Arellano, had a duty to exercise reasonable care in the driving of the vehicle for the safety of others lawfully on the public roadway.

17. That at said time and place and by reason of the use and operation of said commercial motor vehicle; Ernesto Arellano, had a duty to comply with the rules, regulations and standards set forth in the Federal Motor Carrier Safety Regulations and the Commercial Motor Vehicle Drivers Manual for the safety of others lawfully on the public roadway.

18. That at said time and place and by reason of the use and operation of said commercial motor vehicle by its agent; Defendant HDZ Logistics, LLC had a duty to comply with the rules, regulations and standards set forth in the Federal Motor Carrier Safety Regulations and the Commercial Motor Vehicle Drivers Manual for the safety of others lawfully on the public roadway.

19. Defendant HDZ Logistics, LLC at all times material hereto was a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as these terms are used and defined in

the Federal Motor Carrier Safety Regulations and is subject to such rules and regulations as promulgated and codified within 49 CFR Parts 390, *et seq.* (hereinafter, "Federal Regulations").

20. At all times material hereto, the State of Illinois has adopted the Federal Motor Carrier Regulations as standards and laws of the State.

21. That at said time and place by reason of its status as owner, and or lessor of the motor vehicle operated by its agent HDZ Logistics, LLC, had a duty to exercise reasonable care to maintain its vehicles in a good state of repair, in the selection of its agents authorized to drive motor vehicles, and to maintain proper supervisory control over its agents so as to provide for the safety of others lawfully on or upon public streets.

22. That notwithstanding said duties, Defendant HDZ Logistics, LLC committed one or more of the following careless and negligent acts or omissions:

    a. Drove said vehicle at a speed greater than was reasonable or proper under the circumstances;

    b. Disobeyed traffic signs and controls regulating vehicles on said public way;

    c. Failed to give an appropriate notice, signal, or warning of the approach of the motor vehicle to Plaintiff;

    d. Failed to keep the motor vehicle under control;

    e. Failed to keep a proper lookout for traffic on the roadway;

    f. Failed to properly reduce the speed of the vehicle to avoid a foreseeable and impending accident;

    g. Failed to exercise caution to avoid an impending accident;

    h. Failed to yield the right of way; and

    i. Failed to properly supervise and train its agents.

    j. Negligently hired an individual who it knew or should have known had inadequate experience, training, knowledge, and skill to safely operate the subject tractor-trailer;

    k. Negligently entrusted the subject tractor-trailer to an individual it

knew or should have known had inadequate experience, training, knowledge, and skill to safely operate the vehicle;

l. Followed another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and traffic upon and the condition of the highway; in violation of 625 ILCS 5/11-710(a);

m. Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of 625 ILCS 5/11-601; and

n. Failed to decrease speed so as to avoid colliding with another vehicle (or person), in violation of 625 ILCS 5/11-601.

23. That on said date the aforementioned negligence of HDZ Logistics, LLC was the proximate cause of a collision between the motor vehicle Ernesto Arellano operated and the motor vehicle operated of the Plaintiffs wherein the Plaintiffs were injured and sustained property damage all which with the exercise of proper caution by the Defendant could have been avoided.

24. As a direct and proximate result of the wrongful acts or omissions of the Defendants, as heretofore alleged, the Plaintiffs have been caused to be disabled, suffer pain and limitation of the Plaintiffs' normal activities. The Plaintiffs have expended, become indebted and liable for medical and hospital expenses and shall in the future experience pain, suffering, disability and loss of enjoyment of life. The Plaintiffs will require future medical care and incur additional medical expenses all due to the negligence of the Defendants. The Plaintiffs have been and will be disabled from pursuing normal life activities. Further, the Plaintiffs have been caused to lose income and will lose income in the future. Additionally the Defendant's negligence has caused the Plaintiffs to be more susceptible to additional injuries

WHEREFORE, the Plaintiffs pray for the entry of a judgment against the Defendant HDZ Logistics, LLC in an amount that is in excess of $75,000.00 and fair and reasonable

plus costs.

Plaintiff further demands trial by jury.

## COUNT II - *Ernesto Arellano*

1. That on September 14, 2018, and at all relevant times thereafter, Plaintiffs Edmond Ellis and Betty Ellis were citizens and residents domiciled in this jurisdictional district in Freeport Illinois

2. That on September 14, 2018, HDZ Logistics, LLC and at all relevant times thereafter was a corporation incorporated and with its principal place of business in the State of Texas.

3. That on September 14, 2018 and at all relevant times thereafter, Defendant Ernesto Arellano was a citizen and a resident domiciled in the State of Texas.

4. On September 14, 2018, and at all times relevant to this cause, HDZ Logistics, LLC, was a commercial motor vehicle carrier with its corporate headquarters and principal place of business at HDZ Logistics, LLC, 8140 Steel, Vinton, Texas 79821 and duly qualified to operate commercial motor vehicles in Illinois pursuant to the Department of Transportation Authority.

5. That at all times relevant to this cause HDZ Logistics, LLC did substantial business in Illinois.

6. On or about the above date the Plaintiff Edmond Ellis was operating a motor vehicle with Betty Ellis as a passenger stopped in traffic at or near west bound on US 20 at or near Pecatonica Road in the County of Winnebago, Illinois.

7. At the aforesaid time and place, Defendant Ernesto Arellano, a resident of Texas was a commercial truck driver in the use, possession, operation and control of a certain commercial motor vehicle owned by HDZ Logistics, LLC operated in westerly direction behind the Plaintiffs' vehicle at or near the above location.

8. At all times material hereto, the subject tractor-trailer operated by Defendant Ernesto Arellano was a "commercial motor vehicle" under 49 C.F.R. Section 390.5 and was operated under the motor carrier authority of HDZ Logistics, LLC and at all times material hereto, the subject tractor-trailer bore the placard of HDZ Logistics, LLC and displayed HDZ Logistics, LLC on the name and operating authority number DOT 1462509.

9. That on said date and time, Defendant Ernesto Arellano, was the agent of HDZ Logistics, LLC.

10. That on said date and time, Defendant Ernesto Arellano, was the employee of HDZ Logistics, LLC.

11. That on said date and time, Defendant Ernesto Arellano, was driving the aforementioned motor vehicle for the business of HDZ Logistics, LLC.

12. That on said date and time Defendant Ernesto Arellano was in the course and scope of his employment with HDZ Logistics, LLC.

13. That on said date and time, HDZ Logistics, LLC controlled and directed the destination, conduct and hours of employment of Defendant Ernesto Arellano

14. That on said date and time HDZ Logistics, LLC had the authority and right to control and determine the nature of the work of Ernesto Arellano including selecting the route, pickup date and time, providing directions, requiring him to stay in constant communication including making daily calls regarding the status of his trip, impose fines to maintain schedules and the right to request a different driver.

15. That at said time and place and by reason of the use and operation of said commercial motor vehicle; Ernesto Arellano, had a duty to exercise reasonable care in the driving of the vehicle for the safety of others lawfully on the public roadway.

16. That at said time and place and by reason of the use and operation of said commercial motor vehicle; Ernesto Arellano, had a duty to comply with the rules,

regulations and standards set forth in the Federal Motor Carrier Safety Regulations and the Commercial Motor Vehicle Drivers Manual for the safety of others lawfully on the public roadway.

17. At all times material hereto, the State of Illinois has adopted the Federal Motor Carrier Regulations as standards and laws of the State.

18. That notwithstanding said duties, Defendant Ernesto Arellano committed one or more of the following careless and negligent acts or omissions:

  a. Drove said vehicle at a speed greater than was reasonable or proper under the circumstances;

  b. Disobeyed traffic signs and controls regulating vehicles on said public way;

  c. Failed to give an appropriate notice, signal, or warning of the approach of the motor vehicle to Plaintiff;

  d. Failed to keep the motor vehicle under control;

  e. Failed to keep a proper lookout for traffic on the roadway;

  f. Failed to properly reduce the speed of the vehicle to avoid a foreseeable and impending accident;

  g. Failed to exercise caution to avoid an impending accident;

  h. Failed to yield the right of way; and

  i. Followed another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and traffic upon and the condition of the highway; in violation of 625 ILCS 5/11-710(a);

  j. Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of 625 ILCS 5/11-601; and

  k. Failed to decrease speed so as to avoid colliding with another vehicle (or person), in violation of 625 ILCS 5/11-601.

19. That on said date the aforementioned negligence of Ernesto Arellano was the

proximate cause of a collision between the motor vehicle Ernesto Arellano operated and the motor vehicle operated of the Plaintiffs wherein the Plaintiffs were injured and sustained property damage all which with the exercise of proper caution by the Defendant could have been avoided.

20. As a direct and proximate result of the wrongful acts or omissions of the Defendant as heretofore alleged, the Plaintiffs have been caused to be disabled, suffer pain and limitation of the Plaintiffs' normal activities. The Plaintiffs have expended, become indebted and liable for medical and hospital expenses and shall in the future experience pain, suffering, disability and loss of enjoyment of life. The Plaintiffs will require future medical care and incur additional medical expenses all due to the negligence of the Defendants. The Plaintiffs have been and will be disabled from pursuing normal life activities. Further, the Plaintiffs have been caused to lose income and will lose income in the future. Additionally the Defendant's negligence has caused the Plaintiffs to be more susceptible to additional injuries

WHEREFORE, the Plaintiffs pray for the entry of a judgment against the Defendant in an amount that is in excess of $75,000.00 and fair and reasonable plus costs.

Plaintiff further demands trial by jury.

Respectfully submitted,

/s/ Robert Montgomery
Robert A. Montgomery
Attorney at Law

Robert A. Montgomery
Attorney at Law
161 North Clark Street, Suite 3050
Chicago, Illinois 60601
T: (312) 236-7700; F: (312) 605-8808
E: rm@rmontlaw.com
Attorney Code: 1946129